### In re: George PANZER, Jr., Debtor,

3. Cal. Lab.Code § 3353.

4. See Delta Savings Bank v. United States, 265 F.3d 1017, 1021 (9th Cir.2001).

George Panzer, Jr., Appellant,

v.

Wells Fargo Bank of Minnesota,
N.A.; et al., Appellees.

No. 05–15970.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2007.

Decided Feb. 14, 2007.

Phyllis Voisenat, Esq., Law Offices of
Phyllis Voisenat, Oakland, CA, for Debtor.

Before: REINHARDT, RYMER and
SILVERMAN, Circuit Judges.

MEMORANDUM *

The debtor in this case, George Panzer,
appeals from the Bankruptcy Appellate
Panel's decision that affirmed the bank-
ruptcy's court order granting Appellees'
motion to annul the automatic stay. We
affirm.

Appellees did not have to assert a coun-
terclaim in Panzer's pending adversary
proceeding to secure relief from the stay.
The Bankruptcy Rules expressly provide
that a party seeking such relief will do so
by motion, not an adversary proceeding:
"[a] motion for relief from an automatic
stay provided by the Code ... shall be
made in accordance with Rule 9014."
Bankr.R. 4001. Rule 9014, in turn, pro-
vides that "[i]n a contested matter not

otherwise governed by these rules, relief
shall be requested by motion, and reason-
able notice and opportunity for hearing
shall be afforded the party against whom
relief is sought." [1]  Those Rules reflect the
policy that favors "expedited relief" when
a creditor challenges the validity of a
bankruptcy stay. *Wade v. State Bar of
Arizona,* 115 B.R. 222, 230 (9th Cir. BAP
1990).

Moreover, even if we assume that a
request for relief from the automatic stay
could be construed as a "counterclaim,"
Rule 7013 by its own terms does not apply
when the party is sued by a debtor in
possession. *See* Bankr.R. 7013 ("Rule 13
F.R. Civ. P. applies in adversary proceed-
ings, except that a party sued by a trustee
or debtor in possession need not state as a
counterclaim any claim that the party has
against the debtor ... unless the claim
arose after the entry of an order for re-
lief."); *see also Wade,* 115 B.R. at 230
("[T]he assertion of counterclaims in relief
from the stay litigation is improper.").

Nor were Panzer's due process rights
violated. In accordance with Rule 9014,
Panzer was given a full opportunity to
brief the issues, and a hearing was held, in
which his counsel participated. Panzer
does not allege that he needed something
more to present his case. Thus, there is
simply no basis on which to provide him a
second chance to litigate the same issue in
an adversary proceeding.

**AFFIRMED.**

---

* This disposition is not appropriate for publica-
tion and is not precedent except as provided
by 9th Cir. R. 36–3.

1. According to the Advisory Committee Notes,
Rule 4001 "transforms with respect to the
automatic stay what was an adversary pro-
ceeding under the former rules to motion

practice. The Code provides automatic stays
in several sections, e.g., §§ 362(a), 1301(a),
and [sic] § 362(d) provides some grounds for
relief from the stay. This rule specifies that
the pleading seeking relief is by means of a
motion."